UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SWISHER HYGIENE, INC., SECURITIES
AND DERIVATIVE LITIGATION                                        MDL No. 2384

**TRANSFER ORDER**

    **Before the Panel**: Pursuant to 28 U.S.C. § 1407, defendants Swisher Hygiene, Inc. (Swisher), Steven R. Berrard, and Michael J. Kipp move to centralize this litigation in the Western District of North Carolina. The motion encompasses six actions, four pending in the Western District of North Carolina and two pending in the Southern District of New York, as listed on Schedule A. None of the involved plaintiffs responded to the motion, but defendants state in their brief that plaintiff in the Southern District of New York *James* action consents to centralization in the Western District of North Carolina.[1]

    On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization in the Western District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that defendants made false and/or misleading statements and/or failed to disclose that Swisher was improperly accounting for business transactions, and was improperly calculating its allowance for doubtful accounts receivable.[2] Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary.

    We conclude that the Western District of North Carolina is an appropriate transferee district for pretrial proceedings in this litigation. Four of the six constituent actions are pending in that

---

[1]    In addition, the Notice of Waiver of Oral Argument filed by counsel for the Western District of North Carolina *Birch* plaintiffs states that those plaintiffs support centralization in the Western District of North Carolina.

[2]    Five of the six actions are putative nationwide securities class actions, whereas the sixth action is a shareholder derivative action. We note that we typically include securities and derivative actions in a single MDL. *See, e.g., In re Federal Nat'l Mortg. Ass'n Sec. Derivative & "ERISA" Litig.*, 370 F. Supp. 2d 1359, 1361 (J.P.M.L. 2005) ("Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Fannie Mae, or participants in Fannie Mae's retirement savings plans suing for ERISA violations, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses.").

- 2 -

district; Swisher is located in the district; and the two individual defendants in the five securities actions are North Carolina residents. Judge Graham C. Mullen, to whom we assign this MDL, has the experience to guide the litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of North Carolina are transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Graham C. Mullen for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

                                    PANEL ON MULTIDISTRICT LITIGATION


                                    _____
                                            John G. Heyburn II
                                                Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Barbara S. Jones           Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer

**IN RE: SWISHER HYGIENE, INC., SECURITIES**
**AND DERIVATIVE LITIGATION**                              MDL No. 2384

## SCHEDULE A

<u>Southern District of New York</u>

Bruce James v. Swisher Hygiene, Inc., et al., C.A. No. 1:12-02406
Clarence Arsenault, et al. v. Steven R. Berrard, et al., C.A. No. 1:12-04028

<u>Western District of North Carolina</u>

Norman Russell, et al. v. Swisher Hygiene, Inc., et al., C.A. No. 3:12-00216
Michael C. Birch, et al. v. Swisher Hygiene, Inc., et al., C.A. No. 3:12-00221
Michael B. Cohen v. Swisher Hygiene, Inc., et al., C.A. No. 3:12-00256
Timothy J. Falk v. Swisher Hygiene, Inc., et al., C.A. No. 3:12-00330